```
 1  MICHAEL B. STONE, ESQ., Bar #160177
    Attorney at Law
 2  3020 Old Ranch Parkway, Suite 300
    Seal Beach, CA 90740
 3  (310) 776-7500
    (310) 861—0647 Fax
 4  michael.b.stone@att.net

 5  Attorney for Defendant
    Alleged Doe 68.105.97.108
 6

 7

 8                  UNITED STATES DISTRICT COURT

 9                 NORTHERN DISTRICT OF CALIFORNIA

10
```

| | | |
|---|---|---|
| 11 | HARD DRIVE PRODUCTIONS, INC., | No. 5:11-CV-03648-HRL |
| 12 | Plaintiff, | NOTICE AND MOTION TO:<br>1) QUASH SUBPOENA; |
| 13 | vs. | 2) SEVER DEFENDANTS; and<br>3) FOR SANCTIONS; |
| 14 | DOES 1-84, | MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION |
| 15 | Defendants. | OF MICHAEL B. STONE, ESQ., IN SUPPORT THEREOF |
| 16 | | |
| 17 | | Date: November 29, 2011<br>Time: 10:00 A.M. |
| 18 | | Place: 280 South 1st Street,<br>Courtroom 2 |
| 19 | | San Jose, California |

**TO DEFENDANT, HARD DRIVE PRODUCTIONS, INC., and its attorney of record:**

**NOTICE IS HEREBY GIVEN THAT** on November 29, 2011 at 10:00 A.M. or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court located at 280 South 1st Street, San Jose, California, specially appearing Defendant, ALLEGED DOE 68.105.97.108, will move and hereby does move the Court for the following relief:

/ / /

---

**MOTION TO QUASH SUBPOENA - 1**

1)  An order, pursuant to Rule 45(a)(3) of the *Federal Rules of Civil Procedure*, quashing a certain document purporting to be a subpoena from the U.S. District Court for the Northern District of Georgia and bearing this case number.

2)  An order, pursuant to Rules 20 and 41 of the *Federal Rules of Civil Procedure* severing all of the DOE Defendants in this action as improperly joined, and dismissing Defendant ALLEGED DOE 68.105.97.108 from thie action as improperly joined;

3)  Dismissal of this action as a sanction against Plaintiff; and an award of $5,000.00 in monetary sanctions against Plaintiff HARD DRIVE PRODUCTIONS, INC. and its attorney of record Brett Langford Gibbs, on the grounds that:

A) Plaintiff served an invalid subpoena upon Defendant, and continued to insist on its validity even after its defect was called to Plaintiff's attention;

B) Plaintiff did not serve Defendant with a copy of the Ex Parte Discovery Order as was previously ordered by the Court.

This Motion is based upon this Notice of Motion; the attached Memorandum of Points and Authorities; the attached Declaration of Michael B. Stone and exhibits attached thereto; upon the complete files and records of this

/ / /

```
 1  action; and upon such oral and/or documentary evidence as
 2  may be presented at the hearing.
 3  Dated: October 20, 2011        LAW OFFICES OF MICHAEL B. STONE
 4                                 _____
                                   /S/MICHAEL B. STONE, ESQ.
 5                                 Attorney at Law
                                   Attorney for Defendant
 6                                 ALLEGED DOE 68.105.97.108
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. INTRODUCTION**

On September 20, 2011, Neustar, the custodian of records of Internet Service Provider ("ISP") Cox Communications ("Cox") served its subscriber, Alleged Doe 68.105.97.108 with an alleged subpoena requesting Defendant's identifying information. (the "Subpoena")(Page Two of *Exhibit A*).

Alleged Doe 68.105.97.108, who respectfully requests that he not be required to reveal his identity until lawfully subpoenaed, moves to quash the "Subpoena" both because it was unlawfully issued, and because Mr. Doe was improperly joined as a defendant in this action.

**2. THE DOCUMENT PURPORTING TO BE A SUBPOENA SHOULD BE QUASHED BECAUSE IT WAS INVALIDLY ISSUED**

*Federal Rule of Civil Procedure* 45(a)(3) provides in pertinent part:

> "An attorney [may] issue and sign a subpoena as an officer of: (A) a court in which the attorney is authorized to practice; or (B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending."

The Subpoena was allegedly issued on August 15, 2011 by the U.S. District Court for the Northern District of Georgia and bears this case number. *Exhibit A*. The signature line reads "/S/JOHN STEELE" .

Judicial notice may be taken that Chicago, Illinois attorney John L. Steele is not a member of the bar of the U.S. District Court for the Northern District of Georgia. Nor is he a member of the bar of this Court. Accordingly, the purported

**MOTION TO QUASH SUBPOENA - 4**

1  subpoena was not signed by an officer authorized to issue or
2  sign subpoenas under Rule 45(a)(3), and the document is
3  therefore a nullity; it is not a lawful subpoena and cannot be
4  enforced as such by this Court or any court.
5  **3. THIS DEFENDANT AND OTHER DOE DEFENDANTS GREATER THAN 1**
6  **SHOULD BE SEVERED FROM THIS ACTION AND DISMISSED PURSUANT**
7  **TO RULE 21**
8  *Federal Rule of Civil Procedure* 21 provides: "On motion or
9  on its own, the court may at any time, on just terms, add or
10 drop a party.  The court may also sever any claim against any
11 party."
12     Plaintiff's law firm has filed numerous lawsuits against
13 tens or hundreds of Doe defendants, among their other legal
14 theories are that all individual BitTorrent users are co-
15 conspirators with one another.  Various judges of this Court
16 have ordered severance and dismissal of Does greater than 1
17 pursuant to rule 21.
18     "Courts around the country, including this Court, have
19 found that allegations that Doe defendants used the same peer-
20 to-peer network to infringe a plaintiff's copyrighted work are
21 insufficient for joinder of multiple defendants under Rule 20."
22 *Boy Racer v. Does 1-60*, N.D. CA. No. 11-CV-01738-SI Doc. 24
23 (Illston, J., 8/19/11)(*Exhibit C*).  *Boy Racer* was a case brought
24 by the same attorneys as in this case, and the arguments in
25 favor of joining the Doe defendants are identical to those in
26 this case.
27     This Defendant is unable to improve on Judge Illston's
28 reasoning in this regard, nor that of the Doe defendant who

moved to quash and sever in that case, and we have therefore respectfully submitted the Motion and Order in *Boy Racer* as *Exhibits B* and *C* respectively.

### 4. SANCTIONS SHOULD BE ORDERED WHERE, AS HERE, A PARTY SERVING AN INVALID SUBPOENA IS PUT ON NOTICE OF THE INVALIDITY AND FAILS TO WITHDRAW IT.

"The subpoena's falsity transformed the access from a bona fide state-sanctioned inspection into private snooping."

*Theofel v. Farey-Jones,* 359 F.3d 1066, 1073 (9th Cir. 2004). "Defendants had at least constructive knowledge of the subpoena's invalidity. It was not merely technically deficient, nor a borderline case over which reasonable legal minds might disagree. It "transparently and egregiously" violated the Federal Rules, and defendants acted in bad faith and with gross negligence in drafting and deploying it.1 They are charged with knowledge of its invalidity. . . . The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." *Id*., 259 F.3d at 1074.

As shown by the meet-and-confer correspondence (*Exhibit D*), Plaintiffs continue to assert the validity of their "subpoena" even after being informed of its invalidity. Plaintiffs continue to assert the very same joinder theory as was rejected by the Court in *Boy Racer*.

A party who serves invalid subpoenas is subject to monetary sanctions under Rule 26(g). *In re Byrd, Inc*., 927 F.2d 1135 (10th Cir. 1991). "There is no dispute that the subpoenas served on Smith were not valid under either New Mexico court rules or

1  Rule 45. Counsel must, or should, have known this when they
2  reviewed the subpoenas. Because the subpoenas were invalid, they
3  could not be enforced with an order to show cause. [We] agree
4  with the district court that the bank could not have believed
5  the subpoenas were enforceable given the plain language of Rule
6  45 and the local rules of court. Consequently, we uphold the
7  district court's ruling [awarding sanctions]." *Id*. at 1137-38.
8      In a similar case of a copyright-troll litigant knowingly
9  engaging in the abuse of the subpoena process, a plaintiff and
10 its attorney was recently sanctioned $10,000. *Mick Haig*
11 *Productions v. Does 1-670*, No. 3:10-CV-01900 (N.D. Texas),
12 Documents 10 and 17(1).
13 **5.  CONCLUSION**
14     For the foregoing reasons, Defendant ALLEGED DOE
15 68.105.97.108 respectfully submits that his Motion to Quash
16 should be granted and monetary sanctions should be awarded.
17 **6.  REQUEST FOR PROTECTIVE ORDER**
18     Defendant ALLEGED DOE 68.105.97.108 requests that his
19 identity be protected, and that Plaintiffs should be ordered not
20 to publicly file any document tending to reveal his identity
21 without prior order of the Court.
22 Dated: October 20, 2011     **LAW OFFICES OF MICHAEL B. STONE**
23
24                                  /S/MICHAEL B. STONE, ESQ.
                                 Attorney at Law
                                 Attorney for Defendant
25                                  ALLEGED DOE 68.105.97.108
26
27
28

**MOTION TO QUASH SUBPOENA - 7**

**DECLARATION OF MICHAEL B. STONE**

**IN SUPPORT OF MOTION TO QUASH SUBPOENA**

1. My name is Michael B. Stone. I am a member of the Bar of this Court and I am the attorney of record for Alleged Doe 68.105.97.108. The following is true of my personal knowledge and, if called as a witness, I could and would testify truthfully to the following:

2. On August 22, 2011, Cox Communications received a document titled Subpoena bearing this case number and the title "Northern District of Georgia" (the "Subpoena").

3. The Subpoena bore the date "8/15/2011" and the notation, "/S/JOHN STEELE".

4. A search of various public records reveals that Attorney John L. Steele is a member of the Illinois Bar, having an office address in Chicago, Illinois. Mr. Steele is not a member of the Bar of this Court, the State Bar of California, the bar of the U.S. District Court for the Northern District of Georgia, nor the State Bar of Georgia.

5. Before filing this Motion to Quash, I communicated with Brett Langford Ellis, attorney for plaintiff, in an attempt to meet and confer pursuant to Rule 26. My email to Mr. Ellis was answered not by Mr. Ellis but by Illinois attorney John L. Steele.

6. I informed attorney Steele that the subpoena in this case was invalid due to the fact that no authorized person signed it; his response was that he did not care A true copy of the entire email exchange between myself, Mr. Steele, and later Mr. Ellis, is attached as *Exhibit D*.

| | |
|---|---|
| 1 | I declare under penalty of perjury under the laws of the |
| 2 | United States of America that the foregoing is true and correct. |
| 3 | Executed in Seal Beach, California this 20th day of October, |
| 4 | 2011. |

```
                              _____
                              /S/MICHAEL B. STONE
```