**EXHIBIT D**

**From:** Brett Gibbs (blgibbs@wefightpiracy.com)
**To:** michael.b.stone@att.net;
**Date:** Mon, October 10, 2011 10:38:13 AM
**Cc:** mclutz@wefightpiracy.com;
**Subject:** Re: Hard Drive Prod. v. Doe - Motion to Quash

Dear Mr. Stone:

First of all, pursuant to FRCivP 37-1, "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless... counsel have previously conferred for the the purpose of attempting to resolve all disputed issues." Your email does not qualify as "an attempt to meet and confer" as you claim. Instead, it reads precisely like a demand letter. I will not accept it as an attempt to meet and confer.

Second, the case you attach to threaten me and my client with monetary sanctions is completely inapposite. Try this: read the entire decision you forwarded to me, then read the attached order by Judge Lloyd that actually does grant us the right to subpoena the ISPs in your clients case. Think about the differences between the two, and you will find no basis of comparison relating to the grounds for sanctions.

The only thing that your threats and demands do is to expose your client to more out of pocket expenses in this case. The time and money it took you to research this issue for your client (which hopefully, considering the research depth, or lack there of, was not very long) and writing your baseless email, could have been used productively towards actually settling this case.

If you wish to stop going down this silly "sanctions" route without authority, and have a productive settlement discussion, give me a call. I can be reached at 415-325-5900. I have attached a few other very recent decisions in this district also supporting our position, and the joinder of multiple Doe Defendants in BitTorrent cases.

Regards,

Brett

On Fri, Oct 7, 2011 at 2:47 AM, Michael Stone <michael.b.stone@att.net> wrote:
> To Brett Langdon Gibbs:
>
> This office represents Defendant, Alleged Doe 68.105.97.108 in the civil action, Hard Drive Productions, Inc. v. Does 1-84.
>
> Pursuant to Northern District of California Local Rule 37-1(a), this is an attempt to meet and confer as to the service of an alleged subpoena on Cox Communications requesting subscriber identifying information as to my client.
>
> Your alleged subpoena was drafted in violation of *Federal Rule of Civil Procedure* 45(a) and was served in violation of the Court's ex parte discovery order. Accordingly, demand is hereby made that you withdraw the alleged subpoena at once, and notify Cox Communications that you have done so. If you do not withdraw the alleged subpoena at once, this office will request substantial monetary sanctions against you and your client.

*See Theofel v. Farey-Jones*, 341 F.3d 978, 984 (9th Cir. 2003); *Mick Haig Prods. v Does 1-670*, N.D. Tex. No. 3:10-CV-01900-N (Sanctions Order, Doc 17 filed 9/9/11, copy attached).

Please feel free to contact me by e-mail or telephone at any reasonable time to discuss.

--

Sincerely,
Michael B. Stone, Attorney
E-Mail: michael.b.stone@att.net
(310) 776-7500
(310) 861-0647 Fax




--

Brett L. Gibbs, Esq. (SBN 251000)

Steele Hansmeier PLLC.

38 Miller Avenue, #263

Mill Valley, CA 94941

415-341-5318

blgibbs@wefightpiracy.com

**From:** John Steele (jlsteele@wefightpiracy.com)
**To:** michael.b.stone@att.net;
**Date:** Fri, October 7, 2011 12:44:27 PM
**Cc:**
**Subject:** Re: Hard Drive Prod. v. Doe - Motion to Quash

Mr. Stone,

Our office disagrees with your analysis. Rather than go back and forth, why don't we see what Judge Lloyd thinks. I spoke with our client regarding your client's stance and their desire not to settle. Any additional litigation costs incurred by my client will be factored in to any eventual settlement. Especially since the only objection you have raised is nothing but a procedural delay tactic. Even if the court were to grant you the relief you requested, we would simply reissue the subpoena. Since you are not dealing with the substantive issues of this matter, it appears you are performing (and billing) for legal work that simply extends the litigation. i am sure you have some basis that this is in the best interest of your client.

On Fri, Oct 7, 2011 at 2:11 PM, Michael Stone <michael.b.stone@att.net> wrote:
> You're not a member of the bar of the Northern District of California, nor of the Northern District of Georgia, and therefore under FRCP Rule 45(a)(3) you had no authority to issue the "subpoena."
>
> --
>
> Sincerely,
> Michael B. Stone, Attorney
> E-Mail: michael.b.stone@att.net
> (310) 776-7500
> (310) 861-0647 Fax
>
> _____
>
> **From:** John Steele <jlsteele@wefightpiracy.com>
> **To:** Michael Stone <michael.b.stone@att.net>
> **Sent:** Fri, October 7, 2011 6:13:21 AM
> **Subject:** Re: Hard Drive Prod. v. Doe - Motion to Quash
>
> You can file what ever you feel appropriate. If you get monetary damages for someone who is not even a party to this case, I will be amazed and impressed with you rewriting the Federal Rules. Referencing a case where the attorney for the Plaintiff filed a suit without his client even having a copyright application in is hardly relevant here. You and I both know that. Our dialogue will be much more productive if you understand we have filed over 400 responsive pleadings to motions to quash/sever/dismiss, and win almost every single one of them.
>
> If you think our firm operates like Evan Stone, I recommend doing some research. As to your curious demand for my office to withdraw our subpoena, unless you were recently appointed to the Ninth Circuit judiciary, my client respectfully declines.

On Fri, Oct 7, 2011 at 5:47 AM, Michael Stone <michael.b.stone@att.net> wrote:
> To Brett Langdon Gibbs:
>
> This office represents Defendant, Alleged Doe 68.105.97.108 in the civil action, Hard Drive Productions, Inc. v. Does 1-84.
>
> Pursuant to Northern District of California Local Rule 37-1(a), this is an attempt to meet and confer as to the service of an alleged subpoena on Cox Communications requesting subscriber identifying information as to my client.
>
> Your alleged subpoena was drafted in violation of *Federal Rule of Civil Procedure* 45(a) and was served in violation of the Court's ex parte discovery order. Accordingly, demand is hereby made that you withdraw the alleged subpoena at once, and notify Cox Communications that you have done so. If you do not withdraw the alleged subpoena at once, this office will request substantial monetary sanctions against you and your client.
>
> *See Theofel v. Farey-Jones*, 341 F.3d 978, 984 (9th Cir. 2003); *Mick Haig Prods. v Does 1-670*, N.D. Tex. No. 3:10-CV-01900-N (Sanctions Order, Doc 17 filed 9/9/11, copy attached).
>
> Please feel free to contact me by e-mail or telephone at any reasonable time to discuss.
>
> --
>
> Sincerely,
> Michael B. Stone, Attorney
> E-Mail: michael.b.stone@att.net
> (310) 776-7500
> (310) 861-0647 Fax

--

John Steele
Licensed only in
the state of Illinois


jlsteele@wefightpiracy.com
1111 Lincoln Road, #400
Miami Beach, FL 33139

T: (305) 748-2102
F: (305) 748-2103

NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT NEGOTIATION AND IS NOT ADMISSIBLE UNDER FRE RULE 408.


NOTICE:
This communication is covered by the Electronic Communications Privacy Act, found at 18 U.S.C. 2510 et. seq. and is intended to remain confidential and is subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please

immediately alert the sender by reply e-mail and then delete this message and all attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Circular 230 Disclosure: Pursuant to recently-enacted U.S. Treasury Department regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

--
John Steele
Licensed only in
the state of Illinois


jlsteele@wefightpiracy.com
1111 Lincoln Road, #400
Miami Beach, FL 33139

T: (305) 748-2102
F: (305) 748-2103

NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT NEGOTIATION AND IS NOT ADMISSIBLE UNDER FRE RULE 408.


NOTICE:
This communication is covered by the Electronic Communications Privacy Act, found at 18 U.S.C. 2510 et. seq. and is intended to remain confidential and is subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and all attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Circular 230 Disclosure: Pursuant to recently-enacted U.S. Treasury Department regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.