*E-FILED 11-23-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | No. C11-03648 HRL |
| Plaintiff, | **ORDER (1) GRANTING MOTION TO SEVER; (2) DISMISSING DOES 2-84 WITHOUT PREJUDICE; (3) DENYING MOTION FOR SANCTIONS; AND (4) FINDING AS MOOT ALL PENDING MOTIONS TO QUASH** |
| v. | |
| DOES 1-84, | |
| Defendants. | [Re: Docket No. 22] |

Plaintiff Hard Drive Productions sues for alleged copyright infringement, claiming that the 84 Doe defendants used BitTorrent to download or distribute plaintiff's film, "Amateur Allure – Kyleigh Ann." This court granted plaintiff's motion for leave to conduct expedited discovery in order to learn the identities of the defendants. Subsequently, in this and other similar cases (including, several filed by the same plaintiff and the same attorney), this court received numerous motions to quash plaintiff's subpoenas, as well as related motions to sever and dismiss defendants.[1]

Now before the court is one such motion filed by someone identified only as "Alleged Doe 68.105.97.108." In that same motion, movant also requests monetary sanctions. Plaintiff

---

[1] Plaintiff has consented to the undersigned's jurisdiction. 28 U.S.C. § 636; FED. R. CIV. P. 73. Because movant has not yet been served, it is not deemed a party from whom consent is required. See Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995); see also Hard Drive Productions, Inc. v. Does 1-188, — F. Supp.2d —, No. C11-01566JCS, 2011 WL 3740473 at *5 (N.D. Cal., Aug. 23, 2011) (Spero, J.).

1 opposes the motion. The matter is deemed suitable for determination without oral argument,
2 and the November 29, 2011 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the
3 moving and responding papers, this court grants the motion to sever and dismiss; finds as moot
4 the motion to quash; denies the request for sanctions; and severs and dismisses Does 2-84,
5 without prejudice to plaintiff to file individual actions against them.

6 Plaintiff alleges that joinder of all defendants is proper because they allegedly participated in the same BitTorrent swarm (i.e., the group of "peers" or users who download a particular file) to download the film in question. In the months after this court permitted plaintiff to pursue expedited discovery to learn defendants' identities, it learned of a host of similar lawsuits pending in this district. True, this court initially concluded that, at least at the pleading stage, plaintiff sufficiently established joinder. However, the court now agrees with the view and reasoning of many other courts, including in this district, that plaintiff has not sufficiently established that joinder would be proper and, further, that even if plaintiff had done so, joinder would nevertheless be inappropriate. See, e.g., On the Cheap, LLC v. Does 1-5011, — F.R.D. —, 2011 WL 4018258 (N.D. Cal., Sept. 6, 2011) (Zimmerman, J.); Hard Drive Productions, Inc. v. Does 1-188, — F. Supp.2d —, No. C11-01566JCS, 2011 WL 3740473 (N.D. Cal., Aug. 23, 2011) (Spero, J.); Boy Racer, Inc. v. Does 1-60, No. C11-01738SI, 2011 WL 3652521 (N.D. Cal., Aug. 19, 2011) (Illston, J.).

19 Accordingly, defendants 2-84 are severed and dismissed from this action, without
20 prejudice to plaintiff to file individual actions against them. See Fed. R. Civ. P. 21.

21 Plaintiff shall send a copy of this order by first class mail, within seven (7) days of the
22 date of this order, to every (1) Internet Service Provider to whom plaintiff has sent any previous
23 communication referencing the instant action; and (2) potential defendant for whom plaintiff
24 has or obtains an address. The notice shall advise that all defendants, except Doe 1 have been
25 severed and dismissed from this action. The notice shall also include a copy of this order. By
26 December 16, 2011, plaintiff's counsel shall file a declaration attesting that plaintiff has
27 complied with this provision, and attaching a copy of the notice plaintiff sent.

28 Movant's motion to quash is denied as moot, and the request for sanctions is denied.

2

All other pending motions to quash and/or for protective order (Dkt. Nos. 13, 14, 24, 25) are also deemed moot and will be terminated.

SO ORDERED.

Dated: November 23, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:11-cv-03648-HRL Notice has been electronically mailed to:

Brett Langdon Gibbs    blgibbs@wefightpiracy.com

Michael Bruce Stone    michael.b.stone@att.net

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4