Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., <br><br>   Plaintiff, <br>   v. <br><br> DOES 1-84, <br><br>   Defendants. | **No. C-11-03648 HRL** <br><br> **PLAINTIFF'S MOTION FOR CLARIFYING ORDER** |

## INTRODUCTION

On November 23, 2011, the Court issued an order granting a nonparty's motion to sever (ECF No. 22), and severed and dismissed without prejudice defendants 2-84 from the case allowing Plaintiff to proceed against Doe 1. (ECF No. 34 at 2.) The Court also terminated all outstanding pending motions to quash as moot. (*Id.* at 3.) Plaintiff seeks a clarifying order from the Court regarding the status of the outstanding subpoenas in this case.

## DISCUSSION

From past experience, Plaintiff knows that Internet Service Providers will be hesitant to release the information sought in Plaintiff's subpoenas unless the Court issues a clarifying order that Plaintiff's outstanding subpoenas have not been quashed. Alternatively, if the Court intended by way of its recent order to quash all outstanding subpoenas in this case, then Plaintiff has an interest in knowing that as well. For the following reasons, Plaintiff cannot see how the latter scenario is plausible.

### I. The Motions to Quash Were Brought Before the Wrong District

The Ninth Circuit has expressly ruled that district courts lack jurisdiction to quash subpoenas issued from other districts. *SEC v. CMKM Diamonds, Inc.*, 656 F.3d 829 (9th Cir. Aug. 26, 2011). Substantially all of the subpoenas in this action were issued from other districts.

### II. The Exclusive Remedy for Misjoinder is Severance, not the Quashing of a Subpoena

The exclusive remedy for misjoinder is severance and not the quashing of a subpoena. Fed. R. Civ. P. 21 vests courts with the power to sever cases, but it does not vest courts with the power to quash subpoenas. Instead, this power—and its limits—are set forth in Fed. R. Civ. P. 45. Movant's only allowable basis for quashing this subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here: this subpoena does not require travel, it does not involve trade secrets or disclosure of an unretained expert's opinion, and undue burden or time for compliance objections properly lie with the subpoenaed party. Fed. R. Civ. P. 45(c)(3); *Kessel v. Cook County*, No. 00 C 3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (undue burden or inconvenience objections properly lie with the subpoenaed party, and not with the objectors).

### III. Plaintiff is Entitled to Know the Identities of Doe 1's Co-Conspirators

Even though the Court has—for now—severed Does 2-84 from this action, the identities of Doe 1's co-conspirators fall *well* within the extremely broad scope of discoverable information. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action…."); *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) ("The phrase in this definition—'relevant to the subject matter involved in the pending action'—has been construed broadly to encompass any matter encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). In addition to being parties who will likely be joined as defendants in this action, Doe 1's co-conspirators will provide testimony regarding the damages caused by Doe 1's

1  illicit distribution activities, provide evidence to prove Doe 1's infringement and contribute in other
2  substantial ways to aid Plaintiff's case.

3        Further, Plaintiff's discovery request for the identities of Doe 1's co-conspirators continues
4  to satisfy the *Semitool* standard for expedited discovery. Under *Semitool*, a party is entitled to
5  expedited discovery upon a showing of good cause. *Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208
6  F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited
7  discovery, in consideration of the administration of justice, outweighs the prejudice to the
8  responding party." *Id.* Plaintiff's need for the information is great. ISP's maintain subscriber records
9  for a finite period of time. Without expedited discovery Plaintiff will lose its opportunity to learn the
10 identities of Doe 1's co-conspirators along with access to the testimony and other evidence that
11 might be obtained from them. The prejudice to the responding parties—the Internet Service
12 Providers—is slight. Plaintiff is awaiting the resolution of a *de minimus* number of IP addresses—
13 those associated with motions to quash in this case.

14       To the extent the Court factors in the prejudice to Doe 1's co-conspirators, Plaintiff would
15 note that Internet subscribers do not have an expectation of privacy in their subscriber information,
16 as they have already conveyed such information to their Internet Service Providers. *See, e.g., Guest*
17 *v. Leis*, 255 F.3d 325, 335–36 (6th Cir. 2001); *United States v. Hambrick*, Civ. No. 99-4793, 2000
18 WL 1062039, at *4 (4th Cir. Aug. 3, 2000); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D.
19 Kan. 2000). Further, as one court reasoned, "if an individual subscriber opens his computer to
20 permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard
21 to understand just what privacy expectation he or she has after essentially opening the computer to
22 the world." *In re Verizon Internet Services, Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003), *rev'd on*
23 *other grounds*, 351 F.3d 1229 (D.C. Cir. 2003).

## CONCLUSION

25       Plaintiff respectfully requests a clarifying order from the Court.

26 ///
27 ///
28 ///

Respectfully Submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED: November 28, 2011**

By:    /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on November 28, 2011 on all counsel or parties of record who are deemed to have consented to electronic service.

    /s/ Brett L. Gibbs, Esq.
       Brett L. Gibbs, Esq.