United States District Court
For the Northern District of California

*E-FILED 12-19-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | No. C11-03648 HRL |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION AND MOTION FOR LEAVE TO SEEK RECONSIDERATION** |
| v. | |
| DOE 1, | **[Re: Docket Nos. 32 and 33]** |
| Defendant. | |

Plaintiff Hard Drive Productions sues for alleged copyright infringement, claiming that 84 Doe defendants used BitTorrent to download or distribute plaintiff's film. Someone identified only as "Alleged Doe 68.105.97.108" moved for severance and dismissal. This court severed and dismissed all but Doe 1,[1] without prejudice to plaintiff to file individual actions against Does 2-84. Because all but Doe 1 had been dismissed, all pending motions to quash and/or for protective order (none of which appeared to have been filed by Doe 1), were deemed moot.

Plaintiff now seeks leave to move for reconsideration as to whether "Alleged Doe 68.105.97.108" had standing to move for severance or dismissal. Plaintiff also requests clarification as to whether or not this court's prior order actually quashed outstanding subpoenas that have been issued as to Does 2-84. Noting that "[s]ubstantially all of the

---

[1] Based on the IP Address, it is not apparent that "Alleged Doe 68.105.97.108" is Doe 1.

1 subpoenas in this action were issued from other districts," plaintiff contends that if this court
2 intended to grant any pending motions to quash, it had no jurisdiction to do so. (Mot. for
3 Clarification at 2). Plaintiff also argues that it is entitled to know the identities of "Doe 1's co-
4 conspirators" and that there is no basis for quashing or limiting the discovery sought by the
5 outstanding subpoenas anyway.

Both motions are denied.

A party seeking leave to file a motion for reconsideration must show that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Civ. L.R.7-9(b)(1). Reconsideration may also be appropriate where the requesting party shows the "emergence of new material facts or a change of law occurring after the time of such order" or a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(2), (3). However, on a motion for leave to seek reconsideration, parties are expressly prohibited from repeating any argument made in support of or in opposition to the ruling the party seeks to have reconsidered.

Plaintiff presents no binding authority, a change in the material facts or law, or any factors not already considered by this court. Indeed, plaintiff merely repeats its argument on the standing issue. Plaintiff complains that the court did not expressly address the standing issue in its prior order. The court found it unnecessary to do so. Rule 21 of the Federal Rules of Civil Procedure, which was cited in the court's prior order, provides that "[o]n motion *or on its own*, the court may *at any time*, on just terms, add or drop a party" and may also "sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added). Moreover, the court finds no need to clarify whether it actually quashed any outstanding subpoenas as to Does 2-84. Those Does are no longer part of this lawsuit, and plaintiff no longer has a basis for seeking discovery as to them. As stated in the court's prior order, any motions to quash and/or for protective order filed

1 by those now dismissed Does are moot.

2     SO ORDERED.

3 Dated: December 19, 2011



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:11-cv-03648-HRL Notice has been electronically mailed to:

Brett Langdon Gibbs    blgibbs@wefightpiracy.com

Michael Bruce Stone    michael.b.stone@att.net

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.